```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
   FELIX NIVAR,                                                  :
                                          Plaintiff,             :
                                                                 :
                  -against-                                      :     1:13-cv-7141-GHW
                                                                 :
                                                                 :     MEMORANDUM OPINION
   WARREN EDWARD SADLER and GREG                                 :         AND ORDER
   ABRAMS SEAFOOD, INC.,                                         :
                                          Defendants.            :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/01/2016

GREGORY H. WOODS, District Judge:

## I. INTRODUCTION

The plaintiff was injured when his van collided with the defendants' tractor trailer. After a six day trial, a jury decided that the plaintiff was entitled to an award of $400,000 in damages—$130,000 of which was for past and future pain and suffering. The plaintiff argues that the jury's award for pain and suffering was too low—or, rather, in the words of the New York statute that applies in this diversity action, that it "deviates materially from what would be reasonable compensation." N.Y. C.P.L.R. § 5501(c). Because the Court concludes that the jury's award was substantially lower than those in comparable New York cases, the Court grants the plaintiff's motion for a new trial regarding damages, unless the defendants agree to the entry of a significantly larger award to compensate the plaintiff for his pain and suffering.

## II. BACKGROUND

On the morning of October 22, 2012, Mr. Nivar was driving his van in the Hunts Point neighborhood of the Bronx to buy fruit for the food stand that he operated in Harlem. Mr. Nivar's van collided with a tractor trailer driven by Mr. Sadler, an employee of Greg Abrams Seafood, Inc., the company that owned the truck. Mr. Nivar was injured as a result of the collision. He filed this

action against the defendants in New York Supreme Court in the Bronx, from which it was removed to this Court on October 9, 2013.

The Court presided over a six-day jury trial regarding the accident from November 2, 2015 through November 10, 2015.  The jury concluded that the defendants' negligence alone caused the accident.  The jury also found that as a result of the accident, Mr. Nivar sustained (1) a permanent, consequential limitation of the use of a body organ or member; (2) a significant limitation of use of a body function or system; and (3) a medically determined injury or impairment of a non-permanent nature that prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident.  The jury specifically found that Mr. Nivar's shoulder had been fractured as a result of the accident.  As a result, the jury awarded Mr. Nivar $400,000 in damages, consisting of $30,000 for past pain and suffering, $100,000 for future pain and suffering, and $270,000 for lost wages and future medical expenses.

The parties' briefs accurately summarize the testimony presented at trial.  From the date of the accident on, Mr. Nivar suffered significant pain in his shoulder, back, and neck.  He was physically incapacitated to the extent that he was unable to resume his work and normal life activities.  His accident triggered a chain of significant medical interventions, starting in early 2013 with a series of injections in his neck for pain management.  In May 2013, Mr. Nivar underwent a surgical procedure on his injured shoulder.  In November 2014, Mr. Nivar had a second surgery—a cervical discectomy and fusion in his neck.  Nonetheless, his pain and physical limitations continued: Mr. Nivar's experts testified that he now suffers from degenerative arthritis, and that the pain and physical limitations from which Mr. Nivar suffers as a result of the accident are permanent.

Against this backdrop, the defendants point to evidence in the record that would support a conclusion by the jury that not all of Mr. Nivar's woes were the result of the accident.  Mr. Nivar

was 56 at the time of the accident and had worked in a job requiring regular physical labor.  There was also testimony that he suffered from chronic arthritis prior to the accident, and that he had previously dislocated his shoulder—any of which, the defendants contend, might have contributed to Mr. Nivar's condition, and been a basis for the jury to discount the award made to Mr. Nivar for pain and suffering resulting from the accident.

### III.   ANALYSIS

#### A.  Legal Standard

##### 1.  Motion for a New Trial Pursuant to Rule 59[1]

After a jury trial and upon motion, a court may "grant a new trial on all or some of the issues—and to any party . . . ." Fed. R. Civ. P. 59(a)(1).  "A motion for a new trial should be granted when, in the opinion of the district court, 'the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'" *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992) (quoting *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir. 1988) (citations omitted)).  Rule 59 motions differ from motions for a new trial pursuant to Rule 50 in two significant respects.  First, "[u]nlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998).  Second, in considering a Rule 59 motion, "a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." *Id.*  "A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence." *Id.* at 133 (citations omitted).  Despite this, however, a court will grant a Rule 59 motion only when the jury's

---

[1] The plaintiff purports to bring his motion under Federal Rules of Civil Procedure 50 and 59(e), rather than Rule 59(a).  Rule 50 does not provide the appropriate framework for the plaintiff's motion; his motion does not request judgment in his favor as a matter of law based on the insufficiency of the evidence. Fed. R. Civ. P. 50.  Nor is Rule 59(e) the correct vehicle.  *See, e.g.*, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed. April 2015) (describing grounds upon which a Rule 59(e) motion may be granted.)  The substance of the plaintiff's request is that the Court order a partial new trial with respect to the damages awarded for his pain and suffering.  Motions for "a new trial on all or some of the issues" are governed by Rule 59(a).  Fed. R. Civ. P. 59(a).

verdict proves "egregious" in light of the evidence presented at trial. *Id.* at 134 (internal quotations and citations omitted).

### 2. Evaluating Awards Under N.Y. C.P.L.R. § 5501(c)

The plaintiff asserts that the jury's award for pain and suffering was insufficient. He requests that the Court set aside the jury's awards for pain and suffering, and grant him a new trial with respect to those awards, as permitted under New York law. In this diversity action, the Court must apply the law of the State of New York to evaluate the plaintiff's request. *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 438 (1996).

Section 5501(c) of the New York C.P.L.R. establishes a mechanism for courts to evaluate whether a jury's award of damages in a tort action is excessive or inadequate. Pursuant to that provision "[i]n reviewing a money judgment . . . in which it is contended that the award is excessive or inadequate and that a new trial should have been granted unless a stipulation is entered to a different award, the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation." N.Y. C.P.L.R. § 5501(c). This provision has been interpreted to apply to state trial courts as well as federal district courts sitting in diversity. *Gasperini*, 518 U.S. at 425, 438; *see also* Siegel, N.Y. Prac. § 407 (5th ed. December 2015) (observing that the "deviates materially" standard established in § 5501(c) applies to New York state trial courts as well as federal trial courts sitting in diversity).

In order to determine whether an award "deviates materially from what would be reasonable compensation" under § 5501(c), a district court "reviews the evidence presented at trial in support of the challenged damage award and compares the award to other New York cases in which evidence of similar injuries was presented." *Presley v. United States Postal Service*, 317 F.3d 167, 173 (2d Cir. 2003). While earlier court awards are instructive, they are not binding on the reviewing court. *Lewis v. City of New York*, 689 F. Supp. 2d 417, 430 (S.D.N.Y. 2010); *Okraynets v. Metro. Transp. Auth.*, 555

F. Supp. 2d 420, 436 (S.D.N.Y. 2008); *see also Senko v. Fonda*, 384 N.Y.S.2d 849 (N.Y. App. Div. 2d Dep't 1976) (stating that prior awards are not binding but that they "may guide and enlighten the court and in a sense, may constrain it").

Earlier awards are instructive—rather than binding—because courts have recognized that "awards for pain and suffering . . . do not lend themselves as easily to computation" as quantifiable economic awards, such as compensation for past medical bills. *Okraynets*, 555 F. Supp. 2d at 435 (internal quotation omitted); *see also In re Joint E. & S. Dist. Asbestos Litig.*, 9 F. Supp. 2d 307, 311-12 (S.D.N.Y. 1998). To the contrary, "[m]easuring pain and suffering is heavily subjective and fact specific." *Lewis*, 689 F. Supp. 2d at 433; *Okraynets*, 555 F. Supp. 2d at 435-36. That "there exists an infinite variety of people who will experience different reactions to similar tragedies further compounds the difficulty of quantifying a reasonable verdict." *In re Joint E. & S. Dist. Asbestos Litig.*, 9 F. Supp. 2d at 312. As a result of these complexities, reviewing the appropriateness of an award under § 5501(c) has been described as "one of the most difficult decisions" a trial court can face. *Id.* at 311 (internal quotation omitted); *Lewis*, 689 F. Supp. 2d at 432; *Okraynets*, 555 F. Supp. 2d at 436.

When making such decisions, a court must bear in mind that because the determination of damages is primarily a question of fact for the jury, whose determination is entitled to considerable deference, remittitur, or additur, as requested in this case, "is to be exercised sparingly." *In re Joint E. & S. Dist. Asbestos Litig.*, 9 F. Supp. 2d at 311 (internal quotation omitted); *Rangolan*, 370 F.3d at 244-45; *Okraynets*, 555 F. Supp. 2d at 436. The New York "materially deviates" standard is less deferential to the jury's determination than the federal standard, and requires "closer court review than the common-law 'shock the conscience' test." *Gasperini*, 518 U.S. at 429. Nonetheless, the jury's verdict is entitled to deference. *See, e.g.*, *Lolik v. Big v. Supermarkets, Inc.*, 698 N.Y.S.2d 762, 763 (N.Y. App. Div. 3d Dep't 1999) (noting that "[t]he assessment of damages in a personal injury action is primarily a factual determination to be made by the jury, and is accorded great deference");

*see also Levine v. E. Ramapo Cent. Sch. Dist.*, 597 N.Y.S.2d 239, 240 (N.Y. App. Div. 3d Dep't 1993) (stating that "considerable deference should be accorded to the interpretation of the evidence by the jury").

If a court determines that a jury award deviates materially from what it considers to be reasonable compensation, the court may order a new trial without qualification, a new trial specific to damages, or, in a case involving an allegedly insufficient award, a new trial conditioned on the verdict winner's refusal to agree to an increase in the award—referred to as "additur." *See Gasperini*, 518 U.S. at 433; *Rangolan*, 370 F.3d at 243.

### B. Application

The Court has reviewed a substantial number of cases involving comparable injuries.[2] While the jury's award for pain and suffering does not shock the Court's conscience, it is significantly lower than the bulk of recently reported awards for comparable injuries. As a result, the Court concludes that the jury's award for pain and suffering deviates materially from reasonable compensation, and, applying New York law, must order additur.

The Court takes particular note of several cases cited by the plaintiff, which present facts that are comparable to those here, and provide useful guidance for the Court in its evaluation of the jury's award. In *Miranda v. New Dimension Realty Co.*, the plaintiff's injury required that she undergo fusion of several vertebra of her neck, which resulted in pain and restriction of her daily activities. 718 N.Y.S.2d 54 (N.Y. App. Div. 1st Dep't 2000). The First Department upheld the trial court's order of additur, which increased the award for past pain and suffering from $100,000 to $400,000, and for future pain and suffering from $200,000 to $400,000 over 25 years. The First Department also ordered additur in *Hairston v. Metro-North Commuter Railroad*, 823 N.Y.S.2d 391 (N.Y. App. Div. 1st Dep't 2006). In that case, the plaintiff's injury required physical therapy, steroid injections, and

---

[2] For the reader's ease, the decisions reviewed by the Court are listed in Appendix A to this opinion.

spinal fusion surgery; her pain continued despite these measures.  The court found the jury's award of $50,000 for past pain and suffering and $100,000 for future pain and suffering to be inadequate and ordered a new trial unless the defendant stipulated to the entry of awards for $100,000 for past pain and suffering and $200,000 for future pain and suffering.  Finally, in *Robinson v. Cambridge Realty Co, LLC*, the First Department upheld an award of $350,000 for each of past and future pain and suffering, where the plaintiff "suffered a comminuted shoulder facture, underwent shoulder replacement surgery, was unable to care for herself for several months, and complained of pain from the 2003 accident through the 2008 trial."  *Robinson v. Cambridge Realty Co, LLC*, 872 N.Y.S.2d 440 (N.Y. App. Div. 1st Dep't 2009).

In addition, the Court finds instructive two more recent decisions issued by the First Department.  As here, the plaintiff in *Trezza v. Metro. Transp. Auth.* was involved in a motor vehicle accident that resulted in a serious injury to her shoulder.  978 N.Y.S.2d 40 (N.Y. App. Div. 1st Dep't 2014), *appeal dismissed*, 23 N.Y.3d 1011, 16 N.E.3d 1251 (N.Y. App. Div. 1st Dep't 2014).  The plaintiff presented evidence that, as a result, she suffered tendinitis, ongoing nerve impingement, and pain.  The plaintiff also underwent arthroscopic surgery to repair her injured shoulder.  The First Department affirmed the *Trezza* trial court's proposed reduction of the jury's award for past pain and suffering from $500,000 to $300,000, and its proposed vacatur of the jury's award of damages for future pain and suffering.  The plaintiff in *Konfidan v. FF Taxi, Inc.* was injured in a motor vehicle accident, and suffered two labral tears in his right shoulder that required surgery.  942 N.Y.S.2d 873 (N.Y. App. Div. 1st Dep't 2012).  Despite months of physical therapy, the plaintiff experienced regular pain.  On those facts, the First Department affirmed the trial court's remittitur of the jury's award for future pain and suffering from $400,000 to $250,000.

These cases provide instructive benchmarks for the Court's evaluation of the damages awarded in this matter and suggest that the amounts awarded to Mr. Nivar are inadequate.  The

Court acknowledges Mr. Nivar endured two surgical procedures, whereas the plaintiffs in each of these cases involved only one.  At the same time, however, the jury in this action only specifically found that the accident had caused the fracture to his shoulder; there was no specific finding that it also injured his neck, necessitating his second surgery.  In addition, testimony was presented at trial that Mr. Nivar suffered from certain pre-existing conditions, which may have been considered by the jury, together with Mr. Nivar's age and work history.  As a result, the Court does not find the number of other cases pointed to by the plaintiff involving dramatically higher awards to be instructive.

The comparable cases cited by the defendants do not support their contention that the jury's pain and suffering award was adequate.  Defs.' Mem. of Law in Opp'n, Dkt. No. 78, at 6-8.  Simply put, those cases involve injuries that were significantly less serious than those suffered by Mr. Nivar.

The Court concludes that the jury's award of damages in this matter with respect to Mr. Nivar's pain and suffering materially deviates from reasonable compensation.  The award is less than half that awarded in *Hairston*, 823 N.Y.S.2d 391 (N.Y. App. Div. 1st Dep't 2006), or *Konfidan*, 942 N.Y.S.2d 873 (N.Y. App. Div. 1st Dep't 2012).  As discussed above, the Court is mindful that determining pain and suffering damages is a highly subjective process and that the jury's verdict is entitled to some deference.  The Court also takes into account the evidence that might support the jury's conclusion that other pre-existing conditions may have contributed to Mr. Nivar's pain and suffering.

Consequently, the Court grants the plaintiff's motion for a new trial, limited to the issues of damages for the plaintiff's pain and suffering, unless, within thirty days of the date of this Memorandum Opinion and Order, the defendants file a stipulation stating that they will accept the entry of a judgment for past pain and suffering of $60,000 and a judgment for future pain and

suffering of $200,000.  After adding the jury's award of $270,000 for lost wages and future medical expenses, this would result in a total judgment of $530,000.

### C. Suggestion of Dollar Amount to the Jury

Mr. Nivar also argues that the Court's decision to preclude counsel from suggesting a particular damages figure to the jury was error.  However, the Second Circuit has "emphasize[d] that specifying target amounts for the jury to award is disfavored . . . ."  *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996); *see also Estate of Mauricio Jaquez, et al. v. Sergeant William Flores*, 10 Civ. 2881 (KBF), 2016 WL 1060841, at *3 (S.D.N.Y. March 17, 2016) (commenting that "[w]hile the Second Circuit has not entirely prohibited trial attorneys from suggesting a particular damages figure to the jury, it has repeatedly expressed its concern about the practice.")  With these cautionary warnings, the Second Circuit has left it to the sound discretion of the trial court to decide whether to "prohibit counsel from mentioning specific figures or impose reasonable limitations . . . ."  *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997).

The Court appropriately exercised its discretion in precluding counsel from suggesting a target amount for the jury award.  While the Court has concluded that additur is appropriate in this case based on an *ex post* evaluation of the jury's award, the plaintiff has offered no basis to conclude that the Court improperly exercised its discretion at the time that it made its decision, and the Court has identified none.

### IV. CONCLUSION

For the reasons outlined above, the plaintiff's motion for a new trial with respect to Mr. Nivar's damages for pain and suffering is GRANTED, unless within thirty (30) days of the date of this Memorandum Opinion and Order the defendants agree to the entry of an increased judgment

for past and future pain and suffering in the amounts specified above.  The Clerk of Court is directed to terminate the motion pending at docket number 71.

    SO ORDERED.

Dated:  July 1, 2016  
New York, New York

                                                  GREGORY H. WOODS  
                                            United States District Judge

## Appendix A

*Hairston v. Metro-North Commuter R.R.*, 823 N.Y.S.2d 391 (N.Y. App. Div. 1st Dep't 2006) (reversing the trial court's order and granting additur of $100,000 and $200,000 for past and future pain for neck and back injuries that required a spinal fusion); *Valentin v. City of New York*, 739 N.Y.S.2d 716 (N.Y. App. Div. 1st Dep't 2002) (reversing trial court's order granting additur because plaintiff had also undergone a fusion surgery on his lower back and trial testimony indicated that he would suffer permanent paint as a result); *Miranda v. New Dimension Realty Co.*, 718 N.Y.S.2d 54 (N.Y. App. Div. 1st Dep't 2000) (affirming the trial court's order granting additur because plaintiff had sustained an injury that caused neck pain and which required cervical fusion surgery); *Zimmerman v. Rosiek*, 666 N.Y.S.2d 69 (N.Y. App. Div. 4th Dep't 1997) (affirming trial court's order granting a new trial on damages for past and future pain and suffering unless defendants agreed to increase verdict to $75,000 for past and $25,000 for future pain because plaintiff's injuries caused permanent loss of flexibility in his neck and necessitated several surgeries); *Robles v. Polytemp, Inc.*, 7 N.Y.S.3d 441 (N.Y. App. Div. 2d Dep't 2015) (affirming pain and suffering award of $400,000 past and $400,000 future pain and suffering where plaintiff suffered a hernia requiring two spinal fusion surgeries); *Trezza v. Metropolitan Transp. Auth.*, 978 N.Y.S.2d 40 (N.Y. App. Div. 1st Dep't 2014) (holding that the plaintiff was entitled to $500,000 past pain and suffering, but not future pain and suffering because plaintiff's future condition was too speculative); *Skelly-Hand v. Lizardi*, 975 N.Y.S.2d 514 (N.Y. App. Div. 3d Dep't 2013) (affirming jury's award of $3,150,000 because medical testimony established that the injury to the plaintiff's child would not have occurred had the doctor performed a cesarean section); *Guallpa v. Key Fat Corp.*, 950 N.Y.S.2d 165 (N.Y. App. Div. 2d Dep't 2012) (affirming jury award to plaintiff of $791,000 for past pain of 4-5 years and $1,428,571 for future pain and suffering over 28 years because the award was not speculative); *Konfidan v. FF Taxi, Inc.*, 942 N.Y.S.2d 873 (N.Y. App. Div. 1st Dep't 2012) (holding that $250,000 was reasonable compensation for future pain and suffering where the plaintiff had surgery for two labral tears in his shoulder); *Turuseta v. Wyassup-Laurel Glen Corp.*, 937 N.Y.S.2d 240 (N.Y. App. Div. 2d Dep't 2012) (affirming the trial court's order to the reduce the past pain and suffering award from $576,867 to $400,000 and future pain award from $2,219,229 to $750,000 over 28.2 years because plaintiff did not undergo expected surgery); *Stewart v. New York City Transit Authority*, 918 N.Y.S.2d 81 (N.Y. App. Div. 1st Dep't 2011) (affirming $2,000,000 for past pain and suffering and $2,700,000 for future pain and suffering over 20 years because plaintiff could no longer work, and had trouble sitting, standing, dressing, and sleeping); *Winiarski v. Harris*, 910 N.Y.S.2d 814 (N.Y. App. Div. 4th Dep't 2010) (affirming the trial court's order to set aside an award of $12,000 for past suffering and $40,000 for future suffering as compensation for plaintiff's injuries because the awards deviated from what is considered reasonable compensation for an injury of that type); *Keaney v. City of New York*, 881 N.Y.S.2d 143 (N.Y. App. Div. 2d Dep't 2009) (setting aside the jury award as excessive because plaintiff's fractured scapula healed after an injury sustained after he was struck on the right shoulder by two planks that fell from a scaffold); *Robinson v. Cambridge Realty Co., LLC*, 872 N.Y.S.2d 440 (N.Y. App. Div. 1st Dep't 2009) (affirming trial court awards for a plaintiff who suffered a fractured shoulder, underwent shoulder replacement surgery, and complained of pain for five years up to the trial); *Acton v. Nalley*, 831 N.Y.S.2d 277 (N.Y. App. Div. 3d Dep't 2007) (reversing the trial court's award of $450,000 for future pain and suffering, as it materially deviated from reasonable compensation because the plaintiff was able to control his pain with nonprescription pain medication and had returned to work full-time); *Caban v. City of New York*, 848 N.Y.S.2d 40 (N.Y. App. Div. 1st Dep't, July 26, 2007) (rejecting plaintiff's argument that his award of $50,000 for past pain and suffering and $125,000 for future pain and suffering materially deviated from reasonable compensation); *Canonico v. Beechmont Bus Serv.*, 790 N.Y.S.2d 36 (N.Y. App. Div. 2d Dep't 2005) (reversing the trial court's award of

damages because more than one possible inference could have been drawn from the evidence presented in the case); *Sanango v. 200 E. 16th St. Hous. Corp.*, 788 N.Y.S.2d 314 (N.Y. App. Div. 1st Dep't 2004) (affirming pain and suffering award of $1,000,000 for past pain and suffering and $1,452,000 for future pain and suffering over 29.2 years because plaintiff underwent cervical fusion surgery and suffered significant limitations in mobility); *Baker v. Shepard*, 715 N.Y.S.2d 83 (N.Y. App. Div. 3d Dep't 2000) (rejecting plaintiff's argument that his award of $75,000 materially deviated from reasonable compensation even though plaintiff developed an impingement syndrome in his shoulder, causing a deformity that prevented plaintiff from being able to fully extend his arm); *Simeon v. Urrey*, 717 N.Y.S.2d 690 (N.Y. App. Div. 3d Dep't 2000) (rejecting plaintiff's argument that a jury award of $20,000 for past pain and suffering materially deviated from reasonable compensation where plaintiff broke his humerus and was treated by open reduction and internal fixation, leaving plaintiff with reduced arm strength and arthritis); *Rountree v. Manhattan & Bronx Surface Transit Operating Auth.*, 692 N.Y.S.2d 13 (N.Y. App. Div. 1st Dep't 1999) (affirming plaintiff's initial award of $450,000 for past pain and suffering and $300,000 for future pain and suffering because plaintiff was left with permanent neck pain and limited range of motion after surgery); *Stone v. Hidle*, 698 N.Y.S.2d 351 (N.Y. App. Div. 3d Dep't 1999) (affirming jury award of $40,000 for past pain and suffering and $60,000 for future pain and suffering, arguing it did not deviate materially from reasonable compensation for that injury because plaintiff had a limited range of motion in her neck and back that could have been described as a permanent disability); *Gonzalez v. Rosenberg*, 669 N.Y.S.2d 216 (N.Y. App. Div. 1st Dep't 1998) (affirming plaintiff's award of $750,000 for past pain and suffering and $750,000 for future pain and suffering because plaintiff had suffered a herniated disk at L4-L5 that required two laminectomoies and a myelogram, as well as a recommendation for a third surgery); *Duncan by Guidry v. Hillebrandt*, 657 N.Y.S.2d 538 (N.Y. App. Div. 3d Dep't 1997) (affirming jury's award of $15,000 for pain and suffering experienced after plaintiff was hit by a minivan because it could not conclude that the jury's apportionment of fault was not based on a fair interpretation of the evidence); *Panzarella v. Multiple Parking Servs.*, 661 N.Y.S.2d 139 (N.Y. App. Div. 4th Dep't 1997) (rejecting plaintiff's argument that his award of $160,000 for future pain and suffering materially deviated from reasonable compensation, though plaintiff experienced measurable grip deficiencies, causing his left arm to dystrophy); *Hodges v. City of New York*, 599 N.Y.S.2d 586 (N.Y. App. Div. 1st Dep't 1993) (rejecting plaintiff's argument that his award of $100,000 for past pain and $30,000 for future pain materially deviated from reasonable compensation after plaintiff had fractured his elbow during a slip-and-fall); *Senko v. Fonda*, 384 N.Y.S.2d 849 (N.Y. App. Div. 2d Dep't 1976) (holding that the trial court's judgment of $71,500 for plaintiff's pain and suffering was excessive even though plaintiff sustained a compression fracture of the L-1 vertebra, pain in his lumbar spine, pain and numbness in his right leg, and restricted mobility of his spine).